ANTHONY J. LUND AND JUNIEVE L. LUND, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lund v. Commissioner
Docket No. 22203-82.
United States Tax Court
T.C. Memo 1985-342; 1985 Tax Ct. Memo LEXIS 288; 50 T.C.M. (CCH) 397; T.C.M. (RIA) 85342; July 15, 1985. Gary S. Vandeweghe, for the petitioners. John O. Kent, for the respondent. GERBER
MEMORANDUM OPINION GERBER, Judge: Respondent determined deficiencies of $23,724 and $29,807 in petitioners' 1977 and 1978 Federal income tax, respectively. After concessions [1] the issues presented for consideration are: (1) Whether petitioners are entitled to deduct certain claimed "advanced minimum royalties" under section 1.612-3(b)(3), Income Tax Regs.; and (2) whether damages should be awarded, sua sponte, under section 6673. [2]
*289 All of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioners, Anthony J. Lund and Junieve L. Lund, resided in Saratoga, California, at the time they filed the petition in this case. Petitioners filed their 1977 and 1978 joint Federal income tax returns with the Internal Revenue Service Center in Fresno, California. On their return, petitioner-husband's occupation is listed as "Physician" and petitioner-wife's is listed as "housewife." This case grows out of the involvement of petitioner-husband in the now-familiar coal lease shelter with a minimum annual royalty payment, most of which is "paid" by means of a nonrecourse note exclusively payable from mining receipts. During 1977, petitioner entered into a coal lease with Wyoming and Western Coal Reserves, Inc. (WW) (lessor), which lease gave petitioner the right to mine merchantable coal at a specific location in Wyoming. The same parties simultaneously executed an "Addendum to Mining Lease." Pursuant to the Addendum, petitioner, as lessee, was given the option of paying the $45,000 royalty specified in the lease either by cash *290 or a nonrecourse note. The nonrecourse note was to be repaid only from coal mined in excess of the initial 60,000 tons. Petitioner also entered into a "Contract for the Sale of Coal" with Coal & Minerals Leasing & Development Corporation (CM), whereby petitioner paid a portion of the "minimum annual royalty payment" with his own personal check. [3] As additional inducement to petitioner for entering into the contract, petitioner borrowed the remaining amount (including a $1000 lease deposit) from CM by signing a nonrecourse promissory note. CM also agreed to lend petitioner another $33,750 in 1978. The nonrecourse promissory notes were to be repaid only from coal mined in excess of the initial 60,000 tons. Petitioner purportedly negotiated any funds he received from CM to WW pursuant to an "authorization to negotiate." No coal was mined or produced from petitioner's leased mining claim in 1977 or 1978. *291 All of the transactional documents petitioner executed, including the "Mining Lease," the "Addendum to Mining Lease," the "Non-Recourse Promissory Note," The "authorization to negotiate," and the "Contract for the Sale of Coal," are the same as in Oneal v. Commissioner, 84 T.C.     (June 4, 1985) and the cases cited therein dealing with Wyoming and Western Coal Reserves, Inc., and Coal & Minerals Leasing & Development Corporation. The only material difference is the amount of money "invested" and the amount of deductions claimed with respect to the "leased" property. For both 1977 and 1978 taxable years, petitioners deducted royalties in the amount of $45,000 on Schedule F of their returns as an expense petitioners incurred as lessees of a coal mine. Respondent, in his notice of deficiency, disallowed petitioners' claimed coal mining deductions in full. Petitioners have not presented any additional facts nor legal arguments other than those we considered in Oneal v. Commissioner,supra. We find that Oneal v. Commissioner,supra, and the cases cited therein are controlling. Thus, we conclude that petitioners are not entitled to any deductions with respect *292 to the coal lease. In addition, upon review of this record, we find that petitioners' positions are frivolous and groundless and that this proceeding was instituted and maintained primarily for delay. Despite the many times that this Court has decided the same issues petitioners raise and the clear and established precedent in this area, petitioners do not present any new arguments or attempt to factually or legally distinguish their case. We award damages to the United States under section 6673 [4], sua sponte, in the maximum amount of $5,000. To reflect the foregoing, *293 A decision will be entered for respondent and an appropriate order will be entered for damages under section 6673.
Footnotes
1. Petitioners do not present any evidence or arguments regarding respondent's adjustments of interest deductions. In addition to petitioners' not meeting their burden of proof on this issue, we need not discuss respondent's disallowance of such deductions because of the decision we reach. ↩
2. Unless otherwise indicated, all statutory references are the Internal Revenue Code of 1954, as amended and in effect during the taxable years at issue.↩
3. Petitioner made part of his royalty payment for 1977 with a check for $11,250 dated Nov. 8, 1977, made to the order of Wyoming and Western Coal Reserves, Inc. (WW). Petitioner made part of his royalty payment for 1978 by way of a check in the amount of $11,665.80 dated May 25, 1978, made to King's Point Corp. for WW.↩
4. SEC. 6673. DAMAGES ASSESSABLE FOR INSTITUTING PROCEEDINGS BEFORE THE TAX COURT PRIMARILY FOR DELAY, ETC. Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.↩